UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | ) | No. | 07 CR 864 |
| | ) | | 07 GR 1201 |
| v. | ) | | |
| | ) | Chief Judge James F. Holderman | |
| MOHAMMED A. SODAGAR, | ) | | |

**GOVERNMENT'S FIRST MOTION FOR AN EXTENSION OF TIME TO RETURN INDICTMENT PURSUANT TO 18 U.S.C. § 3161(h)**

The UNITED STATES OF AMERICA, by its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, respectfully moves this Court, pursuant to 18 U.S.C. § 3161(h)(8), for a 30-day extension of time, to and including February 26, 2008, in which to seek the return of an indictment against the defendant. Defense counsel has agreed to this motion. This agreed motion is brought for the following reasons:

1.       SODAGAR is charged in a two-count complaint that alleges: (1) possession with intent to unlawfully use five or more Social Security cards that were not lawfully issued for SODAGAR's use, in violation of 18 U.S.C. § 1028(a)(3); and (2) possession of fifteen or more credit cards with intent to defraud, in violation of 18 U.S.C. § 1029(a)(3).

2.       The investigation of SODAGAR was initiated on or about November 28, 2007, when he was arrested by Morton Grove police officers ("MGPD"). As outlined in the complaint, MGPD officers responded to an emergency phone call from one of SODAGAR's relatives, who reported that SODAGAR had threatened to shoot him/her. Following this emergency phone call, law enforcement agents subsequently recovered multiple identification documents, hundreds of credit cards, abundant cash, and various instruments of identity theft in SODAGAR's residence. Specifically, agents found: (1) approximately twelve identification cards issued by the Illinois

Secretary of State, many of which bore names other than SODAGAR's; (2) approximately thirty-five Social Security cards that appeared to be validly issued by the Social Security Administration but largely were issued in names and Social Security numbers other than SODAGAR's; (3) approximately nine American, Jamaican, and Pakistani passports that apparently were issued in the name of SODAGAR as well as other individuals; (4) approximately four hundred credit cards that apparently were opened at numerous financial institutions or retail outlets; (5) approximately $60,000 in American currency, along with gold coins, pendants, rings, and bars; and (6) copies of federal income tax returns under the name of an individual other than SODAGAR. Agents also recovered from SODAGAR's wallet what appeared to be the operative part of a rubber stamp that is used by immigration officials to stamp the entry documents of lawful permanent residents upon their arrival at a port of entry.

3.       SODAGAR was taken into federal custody on December 28, 2007, when state charges against him were dismissed. The magistrate judge found that SODAGAR was a serious risk of flight and ordered him detained. Earlier today, defense counsel filed a "Motion to Revoke Pretrial Detention Order," which is scheduled to be heard on January 23, 2008. A status hearing is scheduled for February 5, 2008 to determine whether SODAGAR will request a preliminary hearing.

4.       A number of factors have led to the Government's request for a 30-day extension. Those factors are stated in the Attachment hereto, which the Government respectfully requests be placed under seal. The United States is requesting that this Attachment be sealed so as not to compromise its ongoing investigation and so as not to reveal matters occurring before the Grand Jury.

5.      Defense counsel has agreed to a 30-day extension of the time limits imposed by 18 U.S.C. § 3161(b) in which to file an indictment or information against the defendant.

6.      For the reasons stated in the Government's sealed Attachment, the thirty days available to the Government pursuant to 18 U.S.C. § 3161(b) in which to file an indictment or information against the defendant based on his arrest will not be sufficient.  The United States believes that a 30-day extension from the current expiration date of January 27, 2008 to and including February 26, 2008, will be sufficient time for the Government to seek an indictment.

7.      Among the factors identified by Congress as relevant to the determination whether time should be extended for indictment are those set forth in 18 U.S.C. § 3161(h)(8)(B), which provide in relevant part:

> Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because . . . the facts upon which the grand jury must base its determination are unusual or complex; [and]

> Whether the failure to grant such continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), . . . would deny counsel for . . . the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. §§ 3161(h)(8)(B)(ii), (iv).

8.      The United States respectfully submits that the 30-day continuance is warranted in this case pursuant to the forgoing provisions.  The Government has been conducting a diligent and thorough investigation in this case, but as set forth in the Attachment, the investigation is complex and the Government requires additional time to prepare effectively for indictment.  The United States cannot complete its investigation and appropriately conclude the investigation within the time frame currently imposed by § 3161(b) of the Speedy Trial Act.

WHEREFORE, the United States, with the agreement of defense counsel, respectfully requests a 30-day extension of time from January 27, 2008 to and including February 26, 2008 in which to seek an indictment in this case.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

/s/ Christopher R. McFadden

By:    CHRISTOPHER R. MCFADDEN
Assistant United States Attorney
United States Attorney's Office
219 S. Dearborn Street
Chicago, IL  60604
(312) 353-1931

Dated: January 17, 2008.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA              )        No.     07 CR 864
                                      )                07 GJ 1201
          v.                          )
                                      )
MOHAMMED A. SODAGAR.                  )        Chief Judge James F. Holderman

## CERTIFICATE OF SERVICE

I, Christopher R. McFadden, certify that on January 17, 2008, I caused the Government's

First Motion for an Extension of Time to Return Indictment Pursuant to 18 U.S.C. § 3161(h): (1)

to be filed with the Clerk of the United States District Court for the Northern District of Illinois,

Eastern Division; and (2) served upon opposing counsel of record pursuant to the district court's

ECF system.


                          /s/ Christopher R. McFadden
                          Christopher R. McFadden
                          Assistant United States Attorney