UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 07 CR 864-1 |
| | ) | Judge Joan Humphrey Lefkow |
| Mohammed SODAGAR | ) | |
| Defendant | ) | |

**LEAVE TO FILE MOTION FOR A BILL OF PARTICULARS and
MOTION FOR A BILL OF PARTICULARS**

Defendant Mohammed SODAGAR, by his attorney Steven R. Shanin, respectfully

requests leave to file a Motion for a Bill of Particulars and moves, pursuant to Federal Rule of

Criminal Procedure 7(f), for Leave to File a Motion for a Bill of Particulars and states as follows:

Defendant has timely received from the government a large volume of discovery.

Undersigned attorney has reviewed said discovery with an view towards filing appropriate

pretrial motions on Defendant SODAGAR'S behalf.  Leave to file this Motion for a Bill of

Particulars is based upon a reading of the Indictment in this case in light of that review of the

tendered discovery and what undersigned attorney believes needs to be tendered in order to

prepare defendant's defense.

WHEREFORE, Defendant SODAGAR respectfully requests Leave to file a Motion for a

Bill of Particulars for an order directing the United States Attorney for the Northern District of

Illinois to file and serve a written Bill of Particulars stating the following:

1.      The names on and numbers of the "five or more identification cards,..., namely

Social Security cards..." alleged to have been possessed by defendant in Count Six of the

1

Indictment.

2.    Specific identifiers of the " visa issued by the U.S. State Department," alleged to have been possessed by defendant in Count Six of the Indictment.

3.    The names on and other identifiers of the "identification cards and driver's licenses issued by the state of Illinois," alleged to have been possessed by defendant in Count Six of the Indictment.

4.    The name on and other identifiers of the "passport issued by the Islamic Republic of Pakistan," alleged to have been possessed by defendant in Count Six of the Indictment.

5.    The name on and number of the "social security account number assigned by the Commissioner of Social Security..." alleged to have been possessed by defendant in Count Seven of the Indictment.

6.    The time when and the exact places where Defendant SODAGAR "willfully, knowingly, and with intent to deceive used a social security account number..." alleged in Count Seven of the Indictment.

7.    The names, numbers and other identifiers of the "over 400 credit cards," alleged to have been possessed by defendant in Count Ten of the Indictment.

Rule 7(f) permits the Court, in its discretion, to order the government to provide a bill of particulars in order for the defendant to adequately prepare for trial and to present a defense, to prevent surprise at trial and to permit the defendant to plead his acquittal or conviction in bar of further prosecutions for the same conduct. Wong Tai v. United States, 273 U.S. 77 (1927) (describing purposes of bill of particulars). A bill of particulars should be granted when allegations of the indictment are so general that they do not advise a specific defendant of

2

specific acts of which he is accused. <u>United States v. Isaacs</u>, 347 F. Supp. 743, 762 (N.D. Ill. 1972, <u>aff'd</u>, 493 F. 2d 1124 (7th Cir. 1974).

Defendant Mohammed SODAGAR, respectfully requests the court, if and to the extent it exercises its discretion in denying any of the foregoing requests for a Bill of Particulars, to indicate in terms that appear on the record the basis, reason or reasons for exercising discretion in denying the requests in accordance with the requirement of <u>United States v. Wells</u>, 387 F. 2d 807 (7th Cir. 1967), <u>cert denied</u>, 390 U.S. 1017 (1968).


Respectfully Submitted,

s/Steven R. Shanin
Attorney for Mohammed SODAGAR


Steven R. Shanin
53 West Jackson Boulevard, suite 920
Chicago, Illinois  60604
312 697-0000
FAX: 312 939-0054
sshanin@federallaw.us