UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ) | | |
| Plaintiff ) | | |
| ) | | |
| v. ) | No. 07 CR 864-1 | |
| ) | Judge Joan Humphrey Lefkow | |
| Mohammed SODAGAR ) | | |
| Defendant ) | | |

**MOTION TO QUASH ARREST AND TO
SUPPRESS EVIDENCE ILLEGALLY SEIZED**

Defendant Mohammed SODAGAR, by his attorney Steven R. Shanin, respectfully moves this Court for an order quashing the arrest of Defendant SODAGAR and suppressing any and all evidence seized as a result of evidence obtained in a warrantless search used as the basis for a search warrant. Said search warrant being used to obtain evidence seized immediately prior to defendant's warrantless arrest on November 29, 2007. In support of this motion the defendant alleges as follows:

The following is believed by Defendant to be undisputed:

1. That on November 28, 2007, Morton Grove Police searched Defendant SODAGAR'S residence, 8616 N. Frontage Rd., Morton Grove, Illinois;

2. That this search of the residence by Morton Grove police on November 28, 2008 was without a search warrant;

3. That on November 28, 2007, Morton Grove Police Officer Keith Kamys entered a bedroom in the above residence and allegedly saw and reported what he believed to be 10

1

envelopes; each envelope stuffed with $100 bills, USC, and marked "$10,000";

4. That on November 28, 2007, Morton Grove Police Officer Keith Kamys, in said bedroom, allegedly saw and reported, "hundreds of credit cards in an open briefcase;"

5. That on November 28, 2007, Morton Grove Police Officer Keith Kamys, in said bedroom, allegedly saw and reported that "the names on the credit cards were not the names of any of the members of this residence;

6. Officer "Kamys explained that he inspected about six cards and saw different names on al six cards;"

7. That during the day of November 28, 2007, at least 5 Morton Grove police officers, including Officers Kamys and Schuette, Commander McClosky, Detectives Steuber and Rago were present at said residence;

8. That defendant was formally arrested by Morton Grove police on November 29, 2007 at his residence at 8616 N. Frontage Rd., Morton Grove, Illinois;

9. That the November 29, 2008 arrest of defendant SODAGAR was made without an arrest warrant.

What is believed by Defendant to be in dispute is as follows:

1. Whether there was probable cause or some other legal basis for the initial contact;

2. Whether there was probable cause or some other legal basis for the November 28, 2007 search of said residence;

3. Whether there was probable cause or some other legal basis for obtaining the search warrant for said premises;

4. Whether there was probable cause for the arrest of Defendant SODAGAR on

November 29, 2007.

As to the arrest on November 29, 2007, such an arrest is valid under the fourth amendment only if supported by probable cause. Beck v. Ohio, 379 U.S. 89, 90 (1964). The test for probable cause to arrest without a warrant was established by the Supreme Court in Id., Beck, where the Court held, "the police have probable cause to arrest an individual where 'the facts and circumstances within their knowledge and of which they [have] reasonable trustworthy information [are] sufficient to warrant a prudent [person] in believing that the [suspect] had committed or was committing an offense.'" United States v. Goudy, 792 F.2d 664, 668 (7th Cir. 1986)(quoting Beck, 379 U.S. at 91). While probable cause "requires only a probability or substantial chance of criminal activity, not an actual showing of such activity," mere suspicion is not enough. Illinois v. Gates, 462 U.S. 213, 76 L. Ed. 2d 527, 103 S. Ct. 2317 (1983); United States v. Serna-Barreto, 842 F.2d 965, 966 (7th Cir. 1988). Rather, as Judge Posner stated in id., Serna-Barreto at p.966, there must exist a high degree of suspicion to arrest without a warrant: "An arrest is a profound and deeply resented interference with the liberty of the person, and to allow police to arrest people on anything less than a high degree of suspicion would restrict personal liberty more than has been justified by the needs of public security."

The defendant, in a criminal case, bears the burden of making a prima facie showing that the arrest in question was illegal, by presenting "definite, specific, detailed and nonconjectural" facts. United States v. Randle, 966 F. 2d 1209, 1212 (7th Cir. 1992). These facts, if in the form of an Affidavit must be of sufficient definiteness and detail to truly controvert the statements of fact submitted by the government. Id. Randle, at 1212. See also United States v. Roderiquez, 69 F. 3d 136, 140-1 (7th Cir. 1995).

Defendant has met this standard. By Affidavit, Exhibit A, attached hereto and made a part hereof, defendant not only refutes the facts alleged by the Morton Grove police, but the recitations of illegality by the Morton Grove police department in the attached Affidavit, Exhibit A are specific, material and disputed. (See [for recitation of government facts], <u>Morton Grove Police Miscelleanous/Lost & Found/Condition Report</u>, dated 11/28/07, attached hereto and made a part hereof as part of Defendant's Exhibit A and <u>Morton Grove Police Supplementary Report</u>, dated 11/29/07, attached hereto and made a part hereof as part of Defendant's Exhibit A.

In <u>United States v. Madoch</u>, 149 F.3d 596, 601 (7th Cir. 1998), the Court concluded it was plain error for the district court to have resolved the suppression issue without an evidentiary hearing where the allegations of illegality are specific, material, and disputed and that without an evidentiary hearing to consider credibility and demeanor, the district court in this case could not properly resolve the conflict between (defendant's) account... and that of the government..." In our case, the allegations by defendant, are specific and they dispute facts material to the issue of legality of the basis of the original search which was the basis for the search warrant upon which evidence was obtained that lead to the arrest of November 29, 2007.

WHEREFORE, defendant respectfully requests this Court grant a hearing to determine whether probable cause existed for the initial seach on November 28, 2007, so as to form a basis for the search warrant and for the arrest of defendant on November 29, 2007.

    Respectfully Submitted,

    s/Steven R. Shanin
    Attorney for Mohammed SODAGAR

Steven R. Shanin
53 West Jackson Boulevard, suite 920
Chicago, Illinois  60604
312 697-0000
FAX: 312 939-0054
sshanin@federallaw.us

# **AFFIDAVIT**
Exhibit A

| | |
|---|---|
| STATE OF ILLINOIS | ) |
| | )   SS |
| COUNTY OF COOK | ) |

MOHAMMED SODAGAR, first being duly sworn, on oath deposes and says:

1. That he was a resident of Cook County on November 28 and 29, 2007;

2. That the Morton Grove police came to his residence on November 28, 2007;

3. That on November 28, 2007 he believed he was under arrest by Morton Grove police at or near his residence;

4. That he did not consent to the arrest;

5. That at the time and place of his arrest on November 28, 2007, the abovementioned Officers had no arrest warrant for defendant;

6. That at the time and place of his arrest on November 28, 2007, there were no exigent circumstances, such that would support a warrantless arrest;

7. That he did not ever say to his son, Saarum Sodagar, "I am going to shoot you," or anything else to that effect;

8. That he did not ever possess a gun;

9. That there was never a gun in the said residence in Morton Grove;

10. That on November 28, 2007, a the time and place in question, the Morton Grove police told him that they had to search the house;

11. That in response, he said, "No", not agreeing to the search;

12. That in further response to the police statement that they had to search the house for a gun, he replied, "I never had a gun;"

13. That the Morton Grove police told him a second time they, "had to search the house;"

14. That he again replied, "No;"

15. That the Morton Grove police kept repeating that they had to search the house;

16. That each time he responded by saying, "No;"

17. That the Morton Grove police then said, "We're just going to look around, if you don't have a gun, why are you afraid;"

18. That he said, "I don't give you permission, but if you are forcing me, then I'll go with you;"

19. That the police said, "If you want to go, we are going to handcuff you;"

20. That he responded, "I don't want to be handcuffed;"

21. That the police said, "If you don't want to be handcuffed, we cannot take you inside;"

22. That the police then proceeded to go inside of the residence;

23. That said search was not made incident to a lawful arrest;

24. That there were no exigent circumstances that would have necessitated the search;

25. That on November 29, 2007, the Morton Grove police returned with a search warrant;

26. That on November 29, 2007, the Morton Grove police did search the said residence;

27. That on November 29, 2007 he was arrested;

28. That at the time and place of his arrest on November 29, 2007, the abovementioned Officers had no arrest warrant for defendant;

29. That at the time and place of his arrest on November 29, 2007, there were no exigent circumstances that would have obviated the need for the obtaining of an arrest warrant for the arrest;

30. That immediately prior to, during and subsequent to the arrest of November 29, 2007, the police and prosecution became aware of certain evidence which are all direct and indirect fruits of the search on November 28, 2007.

**A copy of the executed and notarized Affidavit is attached to the Courtesy Copies placed in the drop-box outside the office of Judge Lefkow's Courtroom Deputy, Room 1932. The original is on file in the offices of Steven R. Shanin, Attorney for Mohammed Sodagar.**

_____s/Mohammed Sodagar_____
SUBSCRIBED and SWORN to before me

this ___7th_____day of _____May_____, 2008

Seal/ Rebekah Dezso, commission expires 10/11/11____
NOTARY PUBLIC