UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 07 CR 864 |
| v. | ) | |
| | ) | Judge Joan Humphrey Lefkow |
| MOHAMMED SODAGAR | ) | |

**GOVERNMENT'S CONSOLIDATED RESPONSE TO DEFENDANT'S MOTIONS
FOR DISCOVERY AND EARLY RETURN OF TRIAL SUBPOENAS**

Now comes the United States of America, by and through its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, and respectfully submits the following response to defendant Mohammed Sodagar's pretrial motions.

**I.      Defendant Failed to Comply With Local Criminal Rule 12.1(b)**

Defendant has filed a variety of boilerplate pretrial motions. On April 7, 2008, the government sent defendant its Rule 16.1 letter, enclosing nearly 300 pages of discovery materials. Ex. A, attached hereto. The government supplemented its initial production of materials on April 23, 2008 and April 30, 2008, producing approximately two thousand additional pages of discovery and two CDs containing color photographs of items seized from defendant's residence. See Ex. B, C, D attached hereto. The government's letters and discovery addressed many of the issues now raised in defendant's discovery motions, and the government continues to produce materials on an ongoing basis. See Ex. E, attached hereto.

The government objects to defendant's various discovery motions because defendant failed to comply with Local Criminal Rule 12.1(b). Local Rule 12.1(b), in an effort to avoid wasting the Court and the parties' time with unnecessary motions, explicitly requires defendants filing discovery motions to include a statement related to the Rule 16 conference and setting forth areas in which agreements on discovery could not be reached; "[t]he court <u>will not hear</u> a motion for additional

discovery or inspection if it does not conform to the procedural requisites of this section," Rule 12.1(b) (emphasis added). In filing his discovery motions, defendant has failed to inform the Corut that the government has already complied with Rule 16 and has produced discovery that exceeds those requirements. Furthermore, the defendant has failed to inform the Court of any effort he has made to resolve discovery disputes before filing the instant motions.

**II.     Motion for Leave to File Additional Motions (Dkt. No. 43)**

The government has no objection to this motion with regard to evidence that is produced after defendant's initial deadline for filing pretrial motions.

**II.     Motion for Leave to File a Motion for a Bill of Particulars and Motion for a Bill of Particulars (Dkt. No. 44)**

Defendant moves for a bill of particulars. With the exception of Defendant's request for the social security account number which is the subject of Count Seven of the indictment, defendant's motion should be denied. In Count Seven, the social security account number referred to in the indictment is that assigned by the Commissioner of Social Security to Individual AM and bearing the number ending in "5802."

The remainder of defendant's motion fails for either of two reasons under Seventh Circuit law. First, the indictment has sufficiently apprised the defendant of the charges by stating the elements of the offense and the means by which the defendant can identify the conduct of which he is accused. *United States v. Fassnacht*, 332 F.3d 440, 446 (7th Cir. 2003). The defendant is entitled to be informed of the charges against him; he is not entitled to know the details of the government's case. *Id.* (citing *United States v. Kendall*, 665 F.2d 126, 134 (7th Cir. 1981)).

Second, a bill of particulars is not required when the information necessary for the defendant's defense can be obtained through "some other satisfactory form," such as discovery. *United States v. Hernandez*, 330 F.3d 964, 975 (7th Cir. 2003) (citing *United States v. Canino,* 949

-2-

F.2d 928, 949 (7th Cir. 1991). In this case, defendant has already received police reports, copies of those items seized from his residence pursuant to search warrant which the government intends to introduce as evidence (including a CD consisting of scanned color photographs of the seized identification cards, passport, and visas), reports received from the multitude of credit card companies corresponding to credit cards found in defendant's residence, tax returns found in defendant's home, and copies of Social Security applications corresponding to Social Security cards found in the defendant's residence. Much, if not all, of the information defendant seeks in his motion is included in these documents. Discovery is still being produced, especially with respect to responses from other credit card companies and banks which issued credit cards in the names of identities created and used by the defendant. Finally, as discussed below, the defendant is welcome to examine the evidence in the possession of the government at mutually convenient time.

Therefore, defendant's motion should be granted only as to Count Seven, and denied as to the remainder of the motion.

**III.    Motion for Discovery of Certain Items in the Government's Possession (Dkt. No. 45)**

Defendant's motion seeks to require the government to produce recordings of 911 emergency calls, non-emergency calls, calls and complaints made to the Morton Grove Police Department by defendant, his wife Seema Sodagar, and his son Saarum Sodagar, as well as any notes, reports, or other discovery regarding defendant, his wife, and his son and their interactions with MGPD. Defendant also requests prior testimony, court findings, and disciplinary records of ten MGPD officers as relevant to the issue of credibility, as well as NCIC inquiries for defendant, Seema Sodagar, and Saarum Sodagar. The government acknowledges its obligations under Rule 16 of the Federal Rules of Criminal Procedure, as well as its obligations pursuant to to *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972). The government has already

produced all documents requested by defendant in his motion within its possession, custody, and control, as articulated below. As for defendant's remaining requests, the government does not object to the early return of trial subpoenas and reciprocal discovery. Therefore, defendant's motion should be denied as moot.

### A. *Rule 16 Materials*

To the extent that defendant Sodagar's motion requests the government to disclose discovery pursuant to Rule 16 of the Federal Rules of Criminal Procedure and Local Rule 16.1, the motion should be denied as moot. The government acknowledged its obligations under Rule 16 and Local Rule 16.1 in five earlier letters sent to defendant's counsel regarding discovery, and has already produced or made available for inspection all Rule 16 materials, which are currently in its possession and control. Gov't Ex. A-E, attached hereto. On April 7, 2008, the government, prior to this court setting a schedule for a Rule 16 conference and discovery, produced Sodagar 35-65 and 154-156, which include Sodagar's NCIC records and any reports with respect to Sodagar in the possession of the Morton Grove Police Dept., including the faxed request to Morton Grove for such reports. *See United States v. Balogun*, 971 F. Supp. 1215, 1244 (N.D. Ill. 1997) (the defendant had sufficient information to file motions to suppress where government turned over all materials in its possession). The materials produced on April 7th encompass discovery requested in numbers 3, 6, 9, and 10 of defendant's motion.

### B. *Disclosure of Favorable Evidence and Impeachment Evidence*

To the extent that defendant's motion requests that this Court direct the government to turn over various materials pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972), the motion should be denied as moot. The government acknowledges its ongoing duty to disclose evidence favorable to the defendant in this case, has produced such

documents, and will continue to produce any such evidence promptly should it come into the government's possession. Courts have held that this acknowledgment alone is a sufficient basis upon which to deny defendant's motion. *See United States v. Sims*, 808 F. Supp. 607, 614 (N.D. Ill. 1992) (motion to produce *Brady* material denied as moot in light of government's acknowledgment of awareness of its *Brady* obligations). At this time, the government is not aware of any evidence which would fall within the purview of *Brady*.

The government also acknowledges its duty to produce *Giglio* materials to defendant in this case.[1] The government will honor its obligation under *Giglio* to provide defendant with any documents reflecting any agreement it has with witnesses at defendant's trial or any evidence bearing on any witness's credibility by producing this evidence within a reasonable time period so as not to prevent the defendant from receiving a fair trial, if any such evidence exists. *See Kompare v. Stein*, 801 F.2d 883, 890 (7th Cir. 1986). The district courts in this circuit "have repeatedly held that where the government has made assurances it will comply with *Brady* and *Giglio*, those assurances are sufficient." *United States v. Hoover*, No. 95 CR 508, 1997 WL 80947, at *1 (N.D. Ill. Feb. 20, 1997) (internal quotations and citations omitted); *see United States v. Silesia Flavorings, Inc.,* No. 03 CR 851, 2004 WL 419904, at *6 (N.D. Ill. Mar. 1, 2004); *United States v. Thomas*, No. 06 CR 684, 2007 WL 2076029 at *1 (N.D. Ill. July 12, 2007).[2] With regard to both Defendant

---

[1] The government need not produce *Giglio* material until trial as long as defendant is not prevented from receiving a fair trial. *See Kompare v. Stein*, 801 F.2d 883, 890 (7th Cir. 1986); *United States v. Marquez*, 686 F. Supp. 1354, 1357-58 (N.D. Ill. 1988). *Giglio* information requires little or no warning to be used effectively, and therefore need not be produced far in advance. *See United States v. Rinn*, 586 F.2d 113, 119 (9th Cir. 1978). To require otherwise would have the effect of giving defendant advance disclosure of the government's witness list, to which she is not entitled. *See United States v. Callahan*, 534 F.2d 763, 765 (7th Cir. 1976).

[2] The government's acknowledgment of its obligations under *Brady* and *Giglio* should not be interpreted as a stipulation to provide Defendant with all of the materials requested in his motion for favorable or exculpatory evidence. Rather, the government will abide by the law in this Circuit

Sodagar's request for *Brady* and *Giglio* materials, the motion should be denied as moot.

**IV.    Motion for Physical Inspection of Certain Items in the Government's Possession (Dkt. No. 46)**

The government has no objection to this motion, and will permit physical inspection of items in its possession at a time that is mutually convenient for both parties. Therefore, defendant's motion should be denied as moot.

**VI.    Motion to Preserve Government Agents' Notes (Dkt. No. 47)**

The government has no objection to this motion. In fact, in its first letter to defendant's counsel, the government expressly noted that it had instructed investigating agents to preserve their notes. See Ex. A, p. 2. With respect to notes in the possession of Morton Grove Police Department, on May 15, 2008, the government requested that MGPD officers preserve their notes, to the extent such notes exist. Therefore, defendant's motion should be denied as moot.

**VII.    Motion for Early Return of Subpoenas Pursuant to Fed. R. Crim. P. 17(c) (Dkt. No. 48)**

The government has no objection to defendant's motion for the issuance of Rule 17(c) subpoenas and early return thereof, so long as the government is similarly granted leave to obtain early return of its trial subpoenas and defendant produces any such evidence it receives in response to defendant's trial subpoenas.

**VIII.    Motion for Permission to Interview Witnesses (Dkt. No. 49)**

As an initial matter, Defendant's motion for permission to interview witnesses should more appropriately be titled, "permission to contact witnesses," as defendant has no inherent right to compel any witness to speak with him or his counsel prior to trial. *See United States v. Agostino*, 132 F.3d 1183, 1191 (7th Cir. 1997) (witness is free to choose whether or not to speak to defense

---

and will provide defendant with all materials to which he is entitled.

counsel.) To the extent Defendant requests that this Court to order a witness to speak to him or his counsel before trial, his motion should be denied since this Court does not have that power.

Defendant's motion seeks more than simply an assurance that it is not improper for him or his counsel to contact witnesses - in this case, defendant seeks to modify the terms of a plenary order of protection ("the Order") entered by the Circuit Court of Cook County pursuant to the Illinois Domestic Violence Act of 1986 ("the Act"), codified at 750 ILCS 60/1 *et seq*. Ex. F, attached hereto. While the Seventh Circuit has held that "witnesses are the special property of neither party, and in the absence of compelling reasons, the district court should facilitate access to them before trial whenever it is requested," *United States v. Vole*, 435 F.2d 774 (7th Cir. 1970), in this case, compelling reasons exist such that this Court should not issue an order permitting defendant or his counsel to contact Seema and Saarum Sodagar. The issuance of such an order would modify an order issued by a state court and impact the judicially-granted rights of third parties who are not represented in these proceedings.

Defendant admits that contact with Seema and Saarum Sodagar would violate the terms of the Order, an Order which the state court can issue only when it "finds that petitioner has been abused by a family or household member...an order of protection prohibiting the abuse, neglect, or exploitation shall issue..." 750 ILCS 60/214(a). A plenary order of protection, such as the one issued against defendant, may be issued only after petitioner demonstrates that the court has jurisdiction, that evidence has been presented enabling the court to find that petitioner has been abused, and that respondent was served, has answered, or is in default. 750 ILCS 60/219. The Act sets out a comprehensive scheme to address allegations of domestic abuse and issue orders of protection. The interests of defendant, his wife, and his son have been fully considered by a state court, which has heard relevant evidence outside the scope of these proceedings. For this reason,

as well as others, federal courts have repeatedly deferred to state courts in matters of domestic relations. *See Struck v. Cook County Public Guardian*, 508 F.3d 858 (7th Cir. 2007) (noting the validity of the "domestic relations exception" to federal jurisdiction and refusing to review state court's appointment of a guardian); *T.W. by Enk v. Brophy*, 124 F.3d 893, 898 (7th Cir. 1997) (holding that the Rooker-Feldman doctrine prohibits district courts from reviewing state court judgments and declining to review state court's award of custody).

Defendant's due process rights are not affected should this Court decline to grant his motion at this time. His rights are impacted only when the government has "artificially restricted" his ability to obtain evidence. *Id.* In this case, the federal government has not restricted defendant's ability to obtain evidence, nor is the restriction itself an "artifice" but instead a valid order of a state court. Defendant does not indicate whether or not he has not sought modification of the Order in state court, even though the Illinois Domestic Violence Act provides that the court which entered the order retains the power to modify that order should changes in law or fact warrant such modification. 750 ILCS 60/224(c). Accordingly, defendant is free to appeal to the Circuit Court of Cook County for an appropriate modification of the Order of Protection. In that proceeding, a court that has the resources and ability to handle complex domestic relations disputes can consider both the interests of defendant and the interests of Seema and Saarum Sodagar in arriving at its determination.

For the reasons stated above, defendant's motion to permit him to contact Seema and Saarum Sodagar should be denied.

        Respectfully submitted,

        PATRICK J. FITZGERALD
        United States Attorney


by:    /s/ Maureen E. Merin
        MAUREEN E. MERIN
        Assistant United States Attorney
        219 South Dearborn Street, 5th Floor
        Chicago, Illinois 60604
        (312) 353-5300

## **CERTIFICATE OF SERVICE**

The undersigned Assistant United States Attorney hereby certifies that the following document:

**GOVERNMENT'S CONSOLIDATED RESPONSE TO DEFENDANT'S MOTIONS FOR DISCOVERY AND EARLY RETURN OF TRIAL SUBPOENAS**

was served on May 21, 2008, in accordance with FED. R. CIV. P. 5, LR5.5, and the General Order on Electronic Case filing pursuant to the District Court's Electronic Case Filing (ECF) system as to ECF filers.

                                              By:  s/ Maureen E. Merin
                                                      MAUREEN E. MERIN
                                                      Assistant United States Attorney
                                                      219 S. Dearborn St.- 5th Floor
                                                      Chicago, IL 60604
                                                      312-353-1457