



U.S. Department of Justice

*United States Attorney*
*Northern District of Illinois*

| | | |
|---|---|---|
| *Maureen E. Merin*<br>*Assistant United States Attorney* | *Dirksen Federal Building*<br>*219 South Dearborn Street, Fifth Floor*<br>*Chicago, Illinois 60604* | *Direct Line: (312) 353-1457*<br>*Fax: (312) 353-4322* |

April 7, 2008

**VIA U.S. MAIL**

Steven R. Shanin, Esq.
53 W. Jackson Blvd., Suite 920
Chicago, IL 60604

Re:   U.S. v. Mohammed A. Sodagar, 07 CR 864

Dear Mr. Shanin:

Pursuant to Local Rule 16.1 and Rule 16 of the Federal Rules of Criminal Procedure, I disclose the following:

### 1. Statements of the Defendant

Statements of the defendant are reflected in reports of law enforcement officers, Bates numbered Sodagar 43-50, and 146-147.

Statements of the defendant are reflected in letters signed by defendant, Bates numbered Sodagar 157-159.

### 2. Results of Examinations, Tests or Experiments

At this time, results of examinations, tests, or experiments are not available. These results will be provided to you when the examinations, tests, or experiments are completed.

### 3. Grand Jury Testimony by the Defendant

There has been no grand jury testimony by the defendant in this matter.

### 4. Defendant's Criminal Record

Criminal history information, Bates stamped pages Sodagar 53-56, 154-156.

5.  **Defendant's Property in Government's Custody**

The United States Secret Service is in possession of items seized from defendant's home and pursuant to his arrest.

6.  **Other Evidence**

Among the remaining documents disclosed, Bates numbered Sodagar 1-288, are copies of police reports and copies of items seized from defendant's residence, as well as social security application forms corresponding to social security cards seized from defendant's residence.

7.  **Notices and Other Discovery Obligations**

The government will provide notice of any evidence it seeks to introduce pursuant to Fed. R. Evid. 404(b) no later than 30 days in advance of trial.

The government will file its *Santiago* proffer no later than 30 days in advance of trial.

The government acknowledges its *Brady* and *Giglio* obligations and will disclose any such material, of which it is aware, in advance of trial. In particular, the government proposes to produce 18 U.S.C. § 3500 material, reports of interviews and grand jury testimony of individuals on a rolling basis beginning 45 days prior to trial.

I have requested that the investigating agents preserve any handwritten notes of interviews.

9.  **Requests for Discovery**

In return, I am requesting all discovery material to which the government is entitled to pursuant to Local Rule 16.1 and the Federal Rules of Criminal Procedure 16, including but not limited to:

1.  The opportunity to inspect and copy anything you may mark as an exhibit at trial;

2.  The results of any examination or test that the defendant may raise at trial;

3.  Notice of any alibi or similar defense the defendant intends to raise, including the defense of necessity or coercion and any defense asserting the defendant's unavailability on or near the dates named in the indictment; and

4.  Notice of any defense that may possibly be raised of a mental defect inconsistent with the state of mind required for the offense charged.

Based upon my assessment of the evidence in this case, I will need to begin trial preparation no later than three weeks before the scheduled trial date. Please note in this regard that once I begin trial preparation the defendant becomes ineligible for a one-level reduction under Guideline § 3E1.1(b).

Please let me know if you have any questions or comments. I acknowledge my continuing obligation to make disclosures under Rules 16 and 16.1, and by accepting this letter and the enclosed materials, you acknowledge your continuing obligation to make disclosures under the Rules.

Very truly yours,

PATRICK J. FITZGERALD
United States Attorney

By: *[signature]*
MAUREEN E. MERIN
Assistant U.S. Attorney

Enclosure